UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY L. LUCAS, #434876,

        Petitioner,

                              CASE NO. 2:18-CV-11865
v.                               HONORABLE ARTHUR J. TARNOW

JOSEPH BARRETT,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

Michigan prisoner Jeffrey L. Lucas ("Petitioner"), confined at the Cooper Street Correctional Facility, in Jackson, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Petitioner pleaded guilty to two counts of false pretenses of $1,000 or more but less than $20,000 in the Muskegon County Circuit Court and was sentenced as a fourth habitual offender to concurrent terms of 9 years 4 months to 32 years imprisonment in 2015. In his pleadings, Petitioner challenges the state trial court's upward sentencing departure, claiming that its substantial and compelling reasons for the departure were insufficient and concerned victims over whom it had no jurisdiction.

Promptly after the filing of a habeas petition, a federal district court must undertake a preliminary review of the petition to determine whether "it plainly appears

from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court finds that Petitioner is not entitled to federal habeas relief and his petition must be denied.

## II.     Facts and Procedural History

Petitioner's convictions arise from his conduct in borrowing money from several people and promising to pay the money back without any intent to do so in Muskegon County, Michigan in 2013 and 2014. Petitioner pleaded guilty to two counts of false pretenses of more than $1,000 but less than $20,000 and admitted having three prior

felony convictions. According to Petitioner, the minimum sentencing guideline range was determined to be 1 year 7 months to 6 years 4 months. The trial court sentenced him, as a fourth habitual offender, to concurrent terms of 9 years 4 months to 32 years imprisonment. The court explained that it was departing above the minimum sentencing guideline range due to the number of victims and the staggering amount of money involved in the crimes. The court also imposed an agreed-upon restitution amount of $160,880.78 payable to 14 named victims.

Following his plea and sentencing, Petitioner filed delayed applications for leave to appeal with the Michigan Court of Appeals asserting that he is entitled to resentencing because the trial court departed above the sentencing guidelines range and the reasons given did not support the degree of departure. The Michigan Court of Appeals denied leave to appeal in both cases for lack of merit in the grounds presented. *People v. Lucas*, Nos. 332174, 332175 (Mich. Ct. App. June 6, 2016) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Lucas*, 501 Mich. 877, 901 N.W.2d 601 (2017).

Petitioner filed his federal habeas petition in June, 2018. He again challenges the state trial court's upward sentencing departure and raises the following claim: "The trial court's substantial and compelling reason was supported by victims, over which it did not hold jurisdiction to punish [him]."

3

### III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996). Additionally, a federal habeas court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

### IV. Analysis

Petitioner asserts that he is entitled to habeas relief because the state trial court erred in imposing a sentence which departed above the minimum sentencing guideline range. The Michigan Court of Appeals denied Petitioner's delayed applications for leave to appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' denial of relief is neither contrary to United States Supreme Court precedent nor an unreasonable application of federal law or the facts.[1] A sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximum sentences for false pretenses of $1,000 or more but less than $20,000 for a fourth habitual offender. *See* MICH. COMP. LAWS §§ 750.218(4)(a) (authorizing a sentence of five years imprisonment for false pretenses of $1,000 or more but less than $20,000); 769.12 (authorizing a sentence of life or a lesser term for a fourth habitual offender where the subsequent felony is punishable by a maximum term of five years or more or life). Consequently, his sentences are insulated from habeas review absent a federal constitutional violation.

Petitioner's claim challenging the trial court's upward departure from the recommended minimum sentencing range is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting

---

[1] The Court would reach the same result under a de novo standard of review.

statutes is a matter of state concern only."); *Austin v. Jackson*, 213 F.3d 298, 300-01 (6th Cir. 2000) (state court did not abuse its discretion nor violate federal due process by imposing a sentence above the state sentencing guidelines); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009) (denying habeas relief on sentencing departure claim). Any alleged error in departing from the recommended minimum guideline range does not merit habeas relief. State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner thus fails to state a claim upon which federal habeas relief may be granted in his pleadings.

The Court notes that a sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (citing *Townsend*); *United States v. Sammons*,

6

918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. He admits that he had a sentencing hearing before the trial court with an opportunity to challenge the sentencing departure. He also challenged the upward sentencing departure in the state appellate courts and was denied relief. Petitioner fails to establish that the state court relied upon materially false or inaccurate information in imposing his sentences which he had no opportunity to correct.

Petitioner also cannot establish that his sentence constitutes cruel and unusual punishment under the Eighth Amendment. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (internal citation omitted). As discussed, Petitioner's concurrent sentences of 9 years 4 months to 32 years imprisonment are within the statutory maximums of life imprisonment for a fourth habitual offender. The state trial court acted within its discretion in imposing his sentences and there is no extreme disparity between Petitioner's crimes and sentences so as to offend the Eighth Amendment.

Petitioner also challenges the state trial court's jurisdiction with respect to some of the victims supporting the upward sentencing departure. As an initial matter, Petitioner fails to demonstrate that he exhausted this specific jurisdictional claim in the state courts. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy the exhaustion requirement, a Michigan prisoner must present each issue to both the Michigan Court of Appeals and the Michigan Supreme Court. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The claims must be "fairly presented" to those courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The petitioner must also present the claims to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160. Petitioner makes no such showing. His jurisdictional claim thus appears to be unexhausted and subject to dismissal.

*Lucas v. Barrett*
No. 2:18-CV-11865
Page 9 of 11

The Court, however, declines to dismiss this claim, or the petition as a whole, on procedural grounds. While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987); *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000). For example, an unexhausted claim may be addressed if the pursuit of state court remedies would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); see also 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The Court finds that the interests of justice are best served by adjudicating this claim because it lacks merit.

Petitioner is not entitled to relief on his claim challenging the state court's jurisdiction because such a claim is not cognizable on federal habeas review. The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Hamby-Bey v. Bergh*, No. 08-CV-13284, 2008 WL 3286227, *2 (E.D. Mich. Aug. 7, 2008) (Battani, J.); *Chandler v. Curtis*, No. 05-CV-72608-DT, 2005 WL 1640083, *2 (E.D. Mich. July 13, 2005) (Cohn, J.); *Groke v. Trombley*, No. 01-CV-10045-BC, 2003 WL 1798109, *5 (E.D. Mich. April 1, 2003) (Lawson, J.); *accord Wright v. Angelone*,

151 F.3d 151, 157-58 (4th Cir. 1998); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996). A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *Strunk v. Martin*, 27 F. App'x 473, 475, 2001 WL 1450740, *2 (6th Cir. 2001). Petitioner thus fails to state a claim upon which habeas relief may be granted as to this issue. Habeas relief is not warranted.

**V.     Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims and the habeas petition must be denied.

Before Petitioner may appeal this decision, a certificate of appealability ("COA") must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing. A COA is not warranted. Nor should Petitioner be granted leave to

proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a COA is **DENIED** and that leave to proceed in forma pauperis on appeal is **DENIED**.

S/Arthur J. Tarnow
ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2018